**No. 26-1872**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

CORNERSTONE CAPITAL STRATEGIES, LLC; ADAMS INVESTMENTS, LLC,
*Plaintiffs – Appellees,*

v.

CATHERINE E. BROWN,
*Defendant – Appellant,*

SUZANNE M. BROWN; WHITE MOUNTAIN ORGANIC GROWERS' ASSOCIATION, LLC,
*Defendants.*

On Appeal from the United States District Court
for the District of New Hampshire
No. 1:25-cv-00375-LM-TSM

# BRIEF OF DEFENDANT-APPELLANT CATHERINE E. BROWN

Catherine E. Brown, pro se
114 Lake Umbagog
P.O. Box 253
Errol, NH 03579
(603) 828-4860
greatnorthwoodsfarm@gmail.com

## TABLE OF CONTENTS


| | |
|---|---|
| TABLE OF AUTHORITIES | 4 |
| REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD | 6 |
| STATEMENT OF JURISDICTION | 6 |
| STATEMENT OF THE ISSUES | 8 |
| STATEMENT OF THE CASE | 8 |
| A. The state action, the removal, and the remand | 9 |
| B. No certified copy of the remand order was sent to any state court until August 4, 2026 | 10 |
| C. Appellees resume enforcement in the Superior Court | 10 |
| D. The sanctions motions and the rulings under review | 12 |
| E. Later events | 13 |
| SUMMARY OF THE ARGUMENT | 14 |
| ARGUMENT | 16 |
| Standard of Review | 16 |
| I. The Superior Court was not authorized to proceed until the district court's clerk mailed a certified copy of the remand order on August 4, 2026 | 17 |
| A. Section 1447(c) makes the clerk's certified mailing the event upon which the state court may proceed | 17 |
| B. This Court's decisions, and the weight of authority elsewhere, treat a remand as complete only when the district court has notified the state court | 19 |
| C. Neither the district judge's intent nor a | 22 |

litigant’s notice is a substitute for the clerk’s certified copy

D. The decision on which the district court relied turned on a certified copy and supports Appellant 25

E. The writ of execution was issued before the Superior Court was authorized to proceed 26

II. The district court had jurisdiction to decide the sanctions motions 27

III. The Court has jurisdiction to decide the appeal, and the appeal is not moot 29

A. Section 1447(d) does not bar review 29

B. The appeal presents a live controversy 30

CONCLUSION 32

CERTIFICATE OF COMPLIANCE 34

CERTIFICATE OF SERVICE 35

ADDENDUM 36

## TABLE OF AUTHORITIES


| **Cases** | Page(s) |
|---|---|
| *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350 (3d Cir. 2013) | 20 |
| *Arnold v. Garlock, Inc.*, 278 F.3d 426 (5th Cir. 2001) | 20 |
| *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001 (4th Cir. 2014) (en banc) | 28 |
| *Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984) | 20, 21 |
| *Bryant v. Britt*, 420 F.3d 161 (2d Cir. 2005) | 28, 29 |
| *Chafin v. Chafin*, 568 U.S. 165 (2013) | 30 |
| *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) | 29 |
| *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) | 7, 16, 28 |
| *Erickson v. Pardus*, 551 U.S. 89 (2007) | 17 |
| *FDIC v. Santiago Plaza*, 598 F.2d 634 (1st Cir. 1979) | 19, 21 |
| *Gonzalez v. Guilbot*, 315 S.W.3d 533 (Tex. 2010) | 14, 25, 26 |
| *Hunt v. Acromed Corp.*, 961 F.2d 1079 (3d Cir. 1992) | 20 |
| *In re La Providencia Development Corp.*, 406 F.2d 251 (1st Cir. 1969) | 19, 22, 30 |
| *In re Lowe*, 102 F.3d 731 (4th Cir. 1996) | 21, 22 |
| *Kowalski v. Gagne*, 914 F.2d 299 (1st Cir. 1990) | 14 |
| *Limehouse v. Hulsey*, 404 S.C. 93, 744 S.E.2d 566 (2013) | 21, 27 |
| *Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993) | 30 |
| *Mitchum v. Foster*, 407 U.S. 225 (1972) | 32 |
| *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) | 28 |
| *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875 (1st | 20, 26 |

Cir. 1983)

*Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226 (Tex. 1999) 21, 25

*Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252 (6th Cir. 1997) 28, 30

*Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217 (3d Cir. 1995) 20

*Valentín v. Hospital Bella Vista*, 254 F.3d 358 (1st Cir. 2001) 16

*Willy v. Coastal Corp.*, 503 U.S. 131 (1992) 28

**Statutes**

28 U.S.C. § 1291 7

28 U.S.C. § 1332 6

28 U.S.C. § 1446(d) 17, 20, 26, 32

28 U.S.C. § 1447(c) passim

28 U.S.C. § 1447(d) 7, 16, 22, 29, 30

28 U.S.C. § 1927 12, 29

28 U.S.C. § 2283 32

**Rules**

Fed. R. App. P. 4(a) 7

Fed. R. Civ. P. 60(b) 7, 24

D.N.H. LR 81.1(d) 10, 11, 18, 22, 24

## REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD

Appellant does not request oral argument. The appeal turns on the meaning of two sentences of 28 U.S.C. § 1447(c) as applied to record facts that are not in dispute, and it can be decided on the briefs. Appellant is proceeding pro se and will appear if the Court concludes that argument would assist it.

## STATEMENT OF JURISDICTION

*The district court.* Appellees sued in the Coös County Superior Court in 2021. On September 29, 2025 the defendants removed the action to the United States District Court for the District of New Hampshire, invoking 28 U.S.C. §§ 1332, 1441 and 1446. Doc. 1 at 1–2, 4. The district court remanded the action as untimely removed on November 25, 2025, Doc. 30, and judgment entered on January 20, 2026, Doc. 35. The removed action was within the district court's original jurisdiction under 28 U.S.C. § 1332(a): Appellees are Rhode Island limited liability companies, the defendants are New Hampshire citizens, and the complaint sought more than $75,000. Doc. 30 at 4–5. The remand rested on the untimeliness of the removal, not on a want of subject-matter jurisdiction. *Id.* at 5–6. This appeal does not seek review of the remand order or of the ruling that removal was untimely. The district court had jurisdiction to decide the post-judgment motions at issue here because they concerned the completion of its own remand and a

collateral request for sanctions, matters that survive the end of a case. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990); Part II below.

*This Court.* Appellate jurisdiction rests on 28 U.S.C. § 1291. On June 12, 2026 the magistrate judge denied Appellant's motions for sanctions and recommended denial of her related motions. Doc. 47 (Add. 1–5). On July 1, 2026 the district court overruled Appellant's objection, approved the report, and denied the remaining motions. Doc. 49 (Add. 6). That order disposed of every matter then pending in the closed case and is final.

On July 14, 2026, within 28 days of that order, Appellant moved for relief from it under Fed. R. Civ. P. 60(b). Doc. 50 at 1–2. She filed her notice of appeal on July 29, 2026, Doc. 54, within the 30 days allowed by Fed. R. App. P. 4(a)(1)(A). Because the Rule 60(b) motion was then pending, the notice became effective when the district court denied that motion on July 31, 2026. Fed. R. App. P. 4(a)(4)(A)(vi), (B)(i); Add. 7. The appeal is timely however that motion is characterized, because the notice was filed within 30 days of the July 1 order in either event. Appellant did not file an amended notice of appeal and does not seek review of the July 31 order as such. The appeal is from the July 1 order and the report it approved. Section 1447(d) does not bar the appeal, for the reasons given in Part III.A below.

## STATEMENT OF THE ISSUES

1. Section 1447(c) directs the clerk of the district court to mail a certified copy of a remand order to the clerk of the state court and provides that the state court "may thereupon proceed with such case." The district court's clerk did not mail a certified copy of the November 25, 2025 remand order to any state court until August 4, 2026. Did the district court err in holding that the Coös County Superior Court nevertheless regained authority to proceed months earlier, on the strength of the district judge's evident intent to remand and a notice that Appellees' counsel filed in the Superior Court on March 19, 2026?

2. Did the district court err in holding that, because the federal case was closed, it lacked jurisdiction to decide Appellant's motions for sanctions against Appellees' counsel, when sanctions are a collateral matter that survives remand and the court had stated in its own remand order that it "retains jurisdiction to enter an award of fees even after the case is remanded"?

## STATEMENT OF THE CASE

Citations to "Doc." are to the district court's docket entries in No. 1:25-cv-00375-LM-TSM, using the page numbers of the filed document. "Add." refers to the addendum bound with this brief. The pertinent statutes and local rule are reproduced at Add. 13.

## A. The state action, the removal, and the remand

Appellees Cornerstone Capital Strategies, LLC and Adams Investments, LLC sued Appellant Catherine E. Brown and White Mountain Organic Growers' Association, LLC in the Coös County Superior Court on June 15, 2021, on a 2015 commercial loan secured by a mortgage on property at 114 Lake Umbagog in Errol, New Hampshire. Doc. 30 at 1–3. After a default and a bench trial on damages, the Superior Court found the defendants liable for $453,640.69. The New Hampshire Supreme Court affirmed on August 27, 2025 and denied post-affirmance motions on September 25, 2025. *Id.* at 4.

Four days later, on September 29, 2025, the defendants filed a notice of removal in the district court and a copy in the Superior Court. Doc. 1; Doc. 30 at 4. The Superior Court's docket thereafter recorded the case as "Removed to Federal District Court." Doc. 36 at 3.

On November 25, 2025 the district court granted Appellees' motion to remand, holding the removal untimely, and ordered: "This matter is remanded to the New Hampshire Supreme Court. The clerk is directed to enter judgment and close the case." Doc. 30 at 14 (Add. 9). In the same order the court called for further submissions on Appellees' request for attorney's fees and noted that it "retains jurisdiction to enter an award of fees even after the case is remanded." *Id.* at 13 n.4 (Add. 8). The court denied reconsideration on January 2, 2026 and

declined to award fees because Appellees had not documented them. This Court denied a petition for mandamus on January 6, 2026, Doc. 34, and the clerk entered judgment on January 20, 2026, Doc. 35.

Appellant does not challenge any of those rulings in this appeal.

### B. No certified copy of the remand order was sent to any state court until August 4, 2026

The District of New Hampshire's local rules provide that "[w]henever the court remands an action to state court, the clerk's office shall send a certified copy of the remand order and docket entries to the state court clerk's office," and that, "[u]nless otherwise ordered by the court, the clerk's office shall delay the transmittal of a certified remand order to state court for thirty (30) days." D.N.H. LR 81.1(d).

That transmittal did not occur. The magistrate judge found that "[t]he Clerk of Court did not ... send a certified copy of the remand order to the state court," and that the step "slipped through the cracks." Doc. 47 at 2 & n.1 (Add. 2). She described the point as undisputed: "There is no dispute that the clerk of this court did not mail a certified copy of the remand order to the state court." *Id.* at 4 (Add. 4).

### C. Appellees resume enforcement in the Superior Court

In March 2026 Appellees' counsel resumed enforcement in the Superior Court. On March 2 she requested a certificate of judgment, which the Superior

Court issued on March 6. A second attorney appeared for Appellees on March 10, and on March 16 Appellees requested a writ of execution. Doc. 47 at 3 (Add. 3); Doc. 36 at 5–6; Doc. 50 at 4.

On March 16, 2026 Appellant filed a notice in the Superior Court stating that the case had been removed, that no certified remand had issued, and that she requested no relief from that court. Doc. 39-1 at 1–2. On March 19, 2026 Appellees' counsel responded with a "Notice That Case Has Been Remanded from Federal Court to State Court, and Request for Issuance of Writ of Execution." Doc. 39-2. The notice told the Superior Court that "the U.S. District Court remanded the case to the Supreme Court and entered judgment to close the case," and asked the court to "[i]ssue the Writ of Execution." *Id.* at 4–5. It was signed by counsel, not by the district court's clerk, and the copy of the remand order attached to it bore no clerk's certification.

The next day Appellant filed a further notice. It explained that the district court's clerk had sent no certified copy under § 1447(c) and LR 81.1(d), and that the remand order named the New Hampshire Supreme Court rather than the Superior Court. It also stated that the filing was "a notice only" by which Appellant did not "submit to the jurisdiction of this Court in any manner." Doc. 39-3 at 1, 3–6.

On April 15, 2026 the Superior Court issued the writ of execution. Doc. 41; Doc. 48 at 11; Doc. 50 at 4.

### D. The sanctions motions and the rulings under review

Beginning on March 17, 2026 Appellant filed motions in the district court seeking sanctions against Appellees' counsel under 28 U.S.C. § 1927 and the court's inherent authority, together with a declaration that the process obtained in the Superior Court after removal was void because that court had not been authorized to proceed. Docs. 36, 38, 40, 41; see Doc. 36 at 1–2, 8–9, 12–13. The motions alleged that counsel, knowing of the removal and knowing that no certified remand had issued, obtained a certificate of judgment and sought a writ of execution from the Superior Court, and that counsel supported those efforts with a sworn affidavit titled "NH RSA §523:13 AFFIDAVIT," invoking a statute that does not exist. Doc. 36 at 4–7. Appellees objected. Docs. 37, 42. Appellant also sought emergency relief concerning a state criminal charge, Doc. 44; she does not pursue that request on appeal.

On June 12, 2026 the magistrate judge denied the sanctions motions and recommended denial of the rest. Doc. 47 (Add. 1–5). She did not reach the merits. She reasoned that, although the clerk had never mailed a certified copy of the remand order, the district judge had "expressed her unmistakable intent to divest this court of jurisdiction and return jurisdiction to the state court" by granting

remand, denying reconsideration, and directing the entry of judgment. *Id.* at 4 (Add. 4). From that she concluded that “the case in this court is closed, and this court lacks jurisdiction to consider Defendants’ motions.” *Id.* She added that, because the state court “received notice of the remand” through counsel’s March 19 filing, “Plaintiffs’ Notice was sufficient to revest the jurisdiction in the state court.” *Id.* at 4–5 (Add. 4–5).

Appellant objected. She argued that § 1447(c) conditions the state court’s authority on the clerk’s certified mailing, that a party’s notice cannot substitute for it, that the notice was in any event filed in a court other than the one named in the remand order, and that the remand order itself recognized the court’s continuing jurisdiction over fees. Doc. 48 at 13–16. On July 1, 2026 the district court approved the report and denied the motions in a one-page order. Doc. 49 (Add. 6).

**E. Later events**

On July 14, 2026 Appellant moved for relief from the July 1 order and for a temporary restraining order against a scheduled sheriff’s sale. Doc. 50. With that motion she submitted a notice from the Superior Court’s clerk’s office, dated the same day, returning a filing she had tendered on July 11 with this explanation: “This case has been removed to Federal District Court and therefore no further filings will be accepted into the Superior Court case.” Doc. 50-3 (Add. 12). She filed her notice of appeal on July 29, 2026. Doc. 54.

On July 31, 2026 the district court denied the pending motions. It adhered to "its conclusion that, in the circumstances of this case, the March 2026 filing of the remand order in the Coos County Superior Court sufficed to transfer jurisdiction back to the New Hampshire state courts," citing *Gonzalez v. Guilbot*, 315 S.W.3d 533, 538 & n.17 (Tex. 2010). Add. 7. In the same order the court directed its clerk "to mail certified copies of this court's November 2025 remand order (doc. no. 30) to the New Hampshire Supreme Court and the Coos County Superior Court." *Id.*

The clerk did so by letters dated August 4, 2026, each enclosing "a certified copy of the order and docket entries." Doc. 57 (Add. 10–11). The Superior Court docketed the "Certified Record from US District Court" that day.

The sheriff's sale was held on August 26, 2026, and a sheriff's deed was recorded on September 15, 2026. Those events post-date the record. Appellant notes them because they bear on mootness, which is addressed in Part III.B below. The Court may take judicial notice of the Superior Court's docket. See *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990).

## SUMMARY OF THE ARGUMENT

Removal suspends a state court's power over a case, and Congress specified how that power returns. Under 28 U.S.C. § 1447(c), "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court," and "[t]he State court may thereupon proceed with such case." Here the remand order was

entered on November 25, 2025, but the district court's clerk did not mail a certified copy to any state court until August 4, 2026. The magistrate judge found that fact undisputed.

In the interval Appellees' counsel returned to the Superior Court, obtained a certificate of judgment, and requested and obtained a writ of execution. When Appellant asked the district court for sanctions and for a declaration that process issued in that interval was void, the court declined to reach the merits. It held that the district judge's "unmistakable intent" to remand, together with a notice that Appellees' counsel filed in the Superior Court on March 19, 2026, had already returned jurisdiction to the state court, and that the closed federal case left it without jurisdiction to consider sanctions.

Both rulings were legal error. First, the statute names the actor (the clerk), the instrument (a certified copy), and the consequence (the state court may "thereupon" proceed). A judge's intent to remand is present in every remand order, and a litigant's uncertified description of a federal order, filed together with a request for process in the litigant's own favor, is not what Congress prescribed. This Court's decisions describe a remand as complete when the district court "has so notified the state court" and the case has been re-entered there, and the Third and Fifth Circuits and the Supreme Court of Texas hold in terms that the clerk's certified mailing is the operative event. The Texas decision the district court relied

on turned on a certified copy that the federal court itself created and dispatched. The Superior Court therefore was not authorized to proceed when it issued the writ of execution on April 15, 2026.

Second, a request for sanctions is collateral to the merits and may be decided after a case has ended, including after remand. The district court said as much in its own remand order. Its contrary ruling should be vacated so that the motions can be decided on their merits.

Finally, the Court has power to decide the appeal. Appellant does not ask the Court to review the remand order, so 28 U.S.C. § 1447(d) is not implicated, and the appeal is not moot because the sanctions request and the status of the process issued in the interval both remain live.

## ARGUMENT

### Standard of Review

Whether a court has jurisdiction, and what a jurisdictional statute requires, are questions of law that this Court reviews de novo. See *Valentín v. Hospital Bella Vista*, 254 F.3d 358 (1st Cir. 2001). A ruling on sanctions is ordinarily reviewed for abuse of discretion, but a district court "would necessarily abuse its discretion if it based its ruling on an erroneous view of the law." *Cooter & Gell*, 496 U.S. at 405. The district court denied Appellant's motions on a purely legal ground, without reaching their merits, so review of both issues is de novo. Because

Appellant is proceeding pro se, her filings are to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

## I. The Superior Court was not authorized to proceed until the district court's clerk mailed a certified copy of the remand order on August 4, 2026

### A. Section 1447(c) makes the clerk's certified mailing the event upon which the state court may proceed

The removal statutes describe both halves of the transfer between courts. Section 1446(d) provides that the filing of a notice of removal "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Section 1447(c) then describes how a remand is carried out. Its last two sentences read:

> A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Three features of that text matter here. First, Congress specified the actor: "the clerk" of the district court, not the judge and not a party. Second, it specified the instrument: a "certified copy of the order," not notice in some other form. Third, it tied the state court's authority to that act with the word "thereupon." The word means upon that event. The second sentence would have no work to do if the state court could proceed as soon as the remand order was entered, or as soon as it learned of the order from any source.

Read together, the two provisions set out a simple sequence. Removal stops the state court. The remand order ends the federal court's consideration of the merits. The clerk's certified mailing is the signal upon which the state court resumes.

That sequence serves a purpose. A state court whose authority has been suspended by federal statute needs a reliable way to know that the suspension has ended, and on what terms. Congress chose an official act by a neutral officer, evidenced by a certified document, over the competing representations of litigants.

The District of New Hampshire's own rule reflects the same understanding. LR 81.1(d) directs the clerk's office to "send a certified copy of the remand order and docket entries to the state court clerk's office" and to "delay the transmittal ... for thirty (30) days" unless the court orders otherwise. It also invites the parties to file an assented-to motion "if they agree to the immediate transmittal of the certified remand order to state court." A rule that delays transmittal for thirty days, and that supplies a way to expedite it, presupposes that transmittal is the operative event. If entry of the order were enough, the delay would accomplish nothing.

### B. This Court's decisions, and the weight of authority elsewhere, treat a remand as complete only when the district court has notified the state court

This Court has twice described the point at which a remand becomes complete, and both times it looked to the return of the case to the state court by the district court.

In *In re La Providencia Development Corp.*, 406 F.2d 251 (1st Cir. 1969), the Court held that a district court may not reconsider its remand, explaining that "[t]he district court has one shot, right or wrong." *Id.* at 252–53. The Court then identified one qualification: "The only possible exception is when the remand order has not been completed by the re-entry of the case in the state court." *Id.* at 253.

In *FDIC v. Santiago Plaza*, 598 F.2d 634 (1st Cir. 1979) (per curiam), the Court stated the rule this way: "once a district court has decided to remand a case and has so notified the state court, the district judge is without power to take any further action." *Id.* at 636. There, "the clerk of the district court duly notified the clerk of the Commonwealth court of the remand," *id.* at 635–36, so the Court had no occasion to decide what would follow if the district court's notification never issued.

Both formulations have two parts: the decision to remand, and the district court's own notification to the state court, which *La Providencia* called the "re-

entry of the case in the state court." Appellant does not contend that either case decided the precise question presented here. But neither supports the proposition that a remand is complete, for the state court's purposes, on the strength of a litigant's filing. This Court has also recognized that, once removal is effected, § 1446(d) bars further proceedings in the state court unless and until the case is remanded. See *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983).

The courts of appeals that have addressed the question in terms hold that the clerk's certified mailing is the event that completes a remand. In the Third Circuit, "the mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court." *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355 (3d Cir. 2013); see also *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081–82 (3d Cir. 1992). In the Fifth Circuit a remand order is not self-executing: "the federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and mailed by the clerk of the district court." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 437–38 (5th Cir. 2001); see also *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984) ("The federal court is completely divested of jurisdiction once it mails a

certified copy of the order to the clerk of the state court.”). *Browning* relied on this Court’s decision in *Santiago Plaza* for that rule. 743 F.2d at 1078.

State courts of last resort have read the statute the same way. The Supreme Court of Texas, whose later decision the district court invoked here, has held that “jurisdiction revests in the state court when the federal district court executes the remand order and mails a certified copy” to the state court. *Quaestor Investments, Inc. v. State of Chiapas*, 997 S.W.2d 226 (Tex. 1999).

The Supreme Court of South Carolina reached the same conclusion on facts close to these. In *Limehouse v. Hulsey*, 404 S.C. 93, 744 S.E.2d 566 (2013), the federal court entered a remand order, and an uncertified copy of that order was filed with the state clerk within days. The state court then entered a default and conducted damages proceedings. The federal clerk’s certified copy did not reach the state court until much later. The court held that “the absence of the certified order precluded jurisdiction from resuming in the state court,” and that “the state court proceedings conducted after the federal court’s entry of the remand order are void.” *Id.* It vacated the resulting judgments and directed that the case resume from the point at which the certified order was received. In doing so it declined to follow *In re Lowe*, discussed below, and acknowledged that some state intermediate appellate courts have treated entry of the remand order as sufficient. *Id.*

The Fourth Circuit has taken a different view of a different question. In *In re Lowe*, 102 F.3d 731 (4th Cir. 1996), it held that a district court could not reconsider its remand order after entry, even though the clerk had not mailed a certified copy. *Id.* at 734–36. *Lowe* concerned § 1447(d), that is, whether a federal court may revisit a remand it has ordered, and it rested on the same "one shot" policy this Court announced in *La Providencia*. *Id.* at 735. It did not decide when a state court "may ... proceed" under the last sentence of § 1447(c).

The two questions are distinct. A district court can lack power to reconsider its remand order while the state court must still await the clerk's certified copy before it resumes. That interval is exactly what LR 81.1(d)'s thirty-day delay creates in every case remanded by the District of New Hampshire. Appellant's position therefore does not require the Court to reject *Lowe*. It requires only that the Court give effect to the sentence of § 1447(c) that *Lowe* had no need to construe.

### C. Neither the district judge's intent nor a litigant's notice is a substitute for the clerk's certified copy

The magistrate judge did not find that the statute had been satisfied. She found that it had not, and held that two other things would do instead. Doc. 47 at 4–5 (Add. 4–5). Neither does.

*The district judge's intent.* No one doubts that the district judge intended to remand. But an intent to remand is what every remand order expresses. If the

evident intent of the judge were enough to authorize the state court to proceed, the certified-copy sentence of § 1447(c) would never matter. The acts on which the report relied (granting remand, denying reconsideration, and directing the entry of judgment) all occurred on the federal docket. None of them communicated anything to a state court.

*Counsel's notice.* The March 19 notice was not what the statute describes, in four respects. It did not come from the clerk. It was not a certified copy; the order attached to it bore no certification. It was not a neutral communication, because it was joined with a request that the Superior Court issue a writ of execution in the filer's favor. Doc. 39-2 at 5. And it did not report a remand to the Superior Court at all. It reported that the district court had "remanded the case to the Supreme Court." *Id.* at 4. The statute relies on a neutral officer and a certified instrument precisely so that a state court need not depend on an interested party's account of what a federal court has done.

The district court later resolved that uncertainty in the only way the statute contemplates. On July 31, 2026 it directed its clerk to mail certified copies of the remand order to both the New Hampshire Supreme Court and the Superior Court. Add. 7. That direction would have been unnecessary if the remand had been complete since March.

The Superior Court's own records point the same way. On July 14, 2026, nearly four months after counsel's notice, its clerk's office returned a filing in this case because "[t]his case has been removed to Federal District Court and therefore no further filings will be accepted into the Superior Court case." Doc. 50-3 (Add. 12). Appellant presented that notice to the district court in her Rule 60(b) motion, after the July 1 order, and she does not rely on it as a ground for faulting a ruling made without it. She cites it because it is part of the record and shows the practical problem that the statute solves. When the certified copy did arrive on August 4, 2026, the Superior Court docketed it as the "Certified Record from US District Court."

The district court's implicit concern was that a remanded case should not be left in limbo by a clerical oversight. The statute and the local rule already answer that concern. The clerk's mailing is a ministerial act that any party may prompt by asking the clerk or the court to carry it out, and LR 81.1(d) expressly provides a motion for that purpose. The record reflects no such request by Appellees at any time before they resumed enforcement. Appellant, for her part, told the Superior Court and Appellees' counsel on March 16 and again on March 20, 2026 that no certified copy had been sent. Doc. 39-1 at 2; Doc. 39-3 at 3–4. Counsel proceeded anyway. The consequence of proceeding without the statutory predicate should fall on the party who chose to do so, not on the party against whom process issued.

Nor does the answer depend on the district court's view of the removal itself, which is not before this Court. Section 1447(c) prescribes one mechanism for every remanded case, whatever the reason for the remand and whoever the removing party was.

### D. The decision on which the district court relied turned on a certified copy and supports Appellant

In its July 31 order the district court cited one authority for its conclusion: *Gonzalez v. Guilbot*, 315 S.W.3d 533, 538 & n.17 (Tex. 2010). Add. 7. The report's reliance on the district judge's "unmistakable intent" tracks the reasoning of that decision. *Gonzalez* does not support the ruling below.

In *Gonzalez* the federal court did three things before the state court acted: it entered the remand order, it created a certified copy of that order, and it gave the certified copy to counsel for expedited delivery to the state court. 315 S.W.3d at 538. The Texas court treated the federal court's own creation and dispatch of a certified copy as the unmistakable expression of its intent, and it emphasized that the state court took no action until the certified order had been delivered. *Id.* at 538–39. *Gonzalez* thus excused only the method of delivery. It did not dispense with the certified copy, which is the instrument the statute requires, and its result is consistent with the same court's holding in *Quaestor* that jurisdiction revests when the federal court executes the remand order and mails a certified copy.

This case differs on each point that mattered in *Gonzalez*. Here the district court created no certified copy until August 2026. The order attached to counsel's March 19 notice was uncertified. And the Superior Court acted before even that notice was filed: it issued the certificate of judgment on March 6, 2026, and Appellees requested the writ on March 16. Doc. 50 at 4.

*Gonzalez* also relied on the fact that the parties resisting state-court jurisdiction had resumed litigating in the state court with knowledge of the remand. 315 S.W.3d at 538–39. Appellant did the opposite. Between the remand order and August 4, 2026 her filings in the Superior Court were notices stating that she sought no relief and did not submit to that court's jurisdiction. Doc. 39-1 at 1; Doc. 39-3 at 1, 9. She filed no motion there until after the certified record arrived.

**E. The writ of execution was issued before the Superior Court was authorized to proceed**

Under § 1446(d) the Superior Court was to "proceed no further unless and until the case is remanded," and under § 1447(c) it could "thereupon proceed" only upon the clerk's certified mailing. That mailing occurred on August 4, 2026. Doc. 57 (Add. 10–11). The certificate of judgment issued on March 6, 2026, and the writ of execution issued on April 15, 2026, 111 days before the mailing. Both were issued when federal law did not permit the Superior Court to proceed. Process issued by a state court in that interval is without effect. See *Polyplastics*, 713 F.2d at 877.

The later arrival of the certified copy restored the Superior Court's authority going forward. It did not reach back to supply authority that was absent when the writ issued. In *Limehouse* the certified order eventually arrived as well, and the court nonetheless set aside what had been done in the interval. 404 S.C. 93.

The report's own theory cannot sustain all of that process. It dated the return of jurisdiction to March 19, 2026. Doc. 47 at 4–5 (Add. 4–5). The certificate of judgment and the request for the writ both preceded that date, and they were the conduct at which Appellant's first sanctions motion was directed. Doc. 36 at 5–6.

Appellant asks the Court to hold that the Superior Court's authority to proceed was restored on August 4, 2026 and not before. What follows from that holding for the writ and for the proceedings taken under it is, in the first instance, a matter for the district court on remand and for the New Hampshire courts, where the validity of the writ remains contested. But the predicate question is one of federal law. The district court decided it against Appellant, and it is squarely presented here.

## II. The district court had jurisdiction to decide the sanctions motions

The magistrate judge denied the sanctions motions for one reason: "the case in this court is closed, and this court lacks jurisdiction to consider Defendants' motions." Doc. 47 at 4 (Add. 4). That was error whatever the answer to the first issue.

"It is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell*, 496 U.S. at 395. A sanctions request is such an issue: "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process." *Id.* at 396. The power to decide that issue does not depend on the court's continuing jurisdiction over the merits. In *Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992), the Supreme Court upheld sanctions imposed in a removed case that the federal courts were later found to have had no subject-matter jurisdiction to hear.

The courts of appeals have applied that principle to remanded cases. A district court that has remanded a case retains jurisdiction to decide requests for fees and sanctions arising from the federal proceedings. *Bryant v. Britt*, 420 F.3d 161, 164–65 (2d Cir. 2005); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992); *Stallworth v. Greater Cleveland Regional Transit Authority*, 105 F.3d 252 (6th Cir. 1997); *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001 (4th Cir. 2014) (en banc).

The district court itself applied the same rule in this case. When it remanded, it called for further submissions on Appellees' request for fees and stated: "This court retains jurisdiction to enter an award of fees even after the case is remanded."

Doc. 30 at 13 n.4 (Add. 8) (citing *Bryant*, 420 F.3d at 165). Appellant raised that statement in her objection to the report. Doc. 48 at 15. Neither the report nor the July 1 order addressed it. A court's collateral jurisdiction over sanctions does not run only in favor of the party that obtained the remand.

Appellant's motions invoked both 28 U.S.C. § 1927 and the court's inherent authority. Doc. 36 at 1–2, 8. A federal court's inherent power to sanction abuse of the judicial process is not confined to conduct in its own courtroom. See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). The conduct alleged here was the procurement of enforcement process in this very action, from a state court that the removal statutes did not yet permit to proceed, after written notice of that fact. Whether that conduct warrants sanctions under either source of authority is for the district court to decide in the first instance. It has never done so, because it held that it had no power to consider the question. Appellant asks only that the ruling be vacated and the motions decided on their merits.

## III. The Court has jurisdiction to decide the appeal, and the appeal is not moot

### A. Section 1447(d) does not bar review

Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Appellant does not ask the Court to review the remand order, to disturb it, or to return the case to federal court. Her notice of appeal says so. Doc. 54 at 2–3. She asks the

Court to decide two questions that arose after the remand order was entered: when the remand took effect in the state court, and whether the district court could decide a collateral request for sanctions. Neither requires the Court to consider whether the remand was correct.

Courts of appeals regularly review collateral orders entered in remanded cases notwithstanding § 1447(d), because review of a collateral ruling leaves the remand itself untouched. See *Stallworth*, 105 F.3d 252 (reviewing a district court's ruling that it lacked jurisdiction, after remand, to consider a fee application); *Miranti v. Lee*, 3 F.3d 925, 927–28 (5th Cir. 1993) (reviewing a sanctions order entered with a remand). And this Court has recognized that the bar on review is subject to a "possible exception ... when the remand order has not been completed by the re-entry of the case in the state court." *La Providencia*, 406 F.2d at 253. This appeal concerns that interval and nothing else.

**B. The appeal presents a live controversy**

A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted). That standard is not met here, for two independent reasons.

First, the sanctions issue is unaffected by anything that has happened since the notice of appeal. Appellant seeks a ruling that the district court had jurisdiction

to decide her motions, and a remand for that purpose. That relief remains fully available.

Second, the question of when the Superior Court regained authority to proceed continues to have concrete consequences for the parties. The district court denied all relief on the ground that jurisdiction had returned to the state court by March 19, 2026. If that ruling was wrong, the premise of the denial falls, and the district court on remand may consider Appellant's request for a declaration concerning the process issued in the interval. Doc. 36 at 12. The sheriff's sale and the deed that followed do not make that question academic. They were carried out under the April 15, 2026 writ, and the validity of that writ, and of what was done under it, remains in dispute in the New Hampshire courts. A sale under a writ does not moot a challenge to the writ where the challenger contends that the writ was issued without authority and seeks relief that turns on that contention.

The two issues are also bound together, so the first cannot be avoided by deciding only the second. Appellant's sanctions motions rest on the premise that counsel obtained process from a court that federal law did not yet permit to proceed. If the Court remands for a decision on those motions, the district court will have to decide when the Superior Court regained that authority, and it has already answered that question against Appellant twice. The question is purely legal, the facts are undisputed, and it has been fully presented. Deciding it now will

govern the proceedings on remand and spare the parties a second appeal on the same point.

Nor would the Anti-Injunction Act, 28 U.S.C. § 2283, prevent effective relief. Appellant asks this Court for a ruling on the meaning of the federal removal statutes and a remand, not for an injunction against a state court. And the removal statutes are among the recognized, expressly authorized exceptions to the Act. See *Mitchum v. Foster*, 407 U.S. 225, 234 & n.12 (1972).

## CONCLUSION

For these reasons, Appellant respectfully asks the Court to:

1. vacate the district court's order of July 1, 2026 insofar as it approved the rulings that jurisdiction returned to the Superior Court before the clerk's certified mailing and that the district court lacked jurisdiction to decide the sanctions motions;

2. hold that, under 28 U.S.C. §§ 1446(d) and 1447(c), the Coös County Superior Court was not authorized to proceed in this action until the district court's clerk mailed a certified copy of the remand order on August 4, 2026, and therefore was not authorized to proceed when it issued the certificate of judgment on March 6, 2026 and the writ of execution on April 15, 2026; and

3. remand for the district court to decide Appellant's motions (Docs. 36, 38, 40 and 41) on their merits, including her request for declaratory relief concerning the process issued in that interval.

Respectfully submitted,

/s/ Catherine E. Brown
Catherine E. Brown, pro se
114 Lake Umbagog
P.O. Box 253
Errol, NH 03579
(603) 828-4860
greatnorthwoodsfarm@gmail.com

Dated: November 16, 2026

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), it contains 6,595 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using LibreOffice Writer 24.2 in 14-point Liberation Serif, a serif typeface.

/s/ Catherine E. Brown
Catherine E. Brown, pro se
Dated: November 16, 2026

## CERTIFICATE OF SERVICE

I certify that on November 16, 2026 I electronically filed this brief and addendum with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to counsel for Appellees, Carolyn K. Cole, Esq., ColeMyers, PLLC, 18 Bank Street, Lebanon, NH 03766, a registered ECF filer.

I further certify that on the same date I served one copy of this brief and addendum by first-class mail, postage prepaid, on each party who is not a registered ECF filer: Suzanne M. Brown, P.O. Box 253, Errol, NH 03579; and White Mountain Organic Growers' Association, LLC, 1855 White Mountain Highway, North Conway, NH 03860.

/s/ Catherine E. Brown
Catherine E. Brown, pro se
Dated: November 16, 2026

**ADDENDUM**

**Table of Contents**

| | |
|---|---|
| Report and Recommendation, June 12, 2026 (Doc. 47) | Add. 1 |
| Order approving Report and Recommendation, July 1, 2026 (Doc. 49) | Add. 6 |
| Endorsed Order, July 31, 2026 (notice of electronic filing) | Add. 7 |
| Order granting remand, November 25, 2025 (Doc. 30), pages 13–14 | Add. 8 |
| Clerk's letters transmitting certified copy of remand order, August 4, 2026 (Doc. 57) | Add. 10 |
| Superior Court clerk's notice of returned filing, July 14, 2026 (Doc. 50-3) | Add. 12 |
| Pertinent statutes and local rule: 28 U.S.C. §§ 1446(d), 1447(c), 1447(d); D.N.H. LR 81.1(d) | Add. 13 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

CORNERSTONE CAPITAL STRATEGIES,
LLC ET AL.

v. Civil No. 25-cv-375-LM-TSM

WHITE MOUNTAIN ORGANIC
GROWERS' ASSOCIATION, LLC ET AL.

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO QUASH AND/OR ISSUE A TEMPORARY RESTRAINING ORDER AND ORDER ON DEFENDANTS' MOTIONS FOR SANCTIONS**

This matter is before the court on various motions (Doc. Nos. 36, 38, 40-41, and 44), which Defendants filed after this court entered judgment and closed the case. Therein, Defendants seek various forms of relief, including sanctions against Plaintiffs and their attorneys, a temporary restraining order ("TRO") precluding Plaintiffs from enforcing a judgment that they obtained against Defendants in state court, and an order quashing state court criminal proceedings against the individual Defendant. After consideration of the parties' written submissions and for the reasons described below, Defendants' motions for sanctions (Doc. Nos. 36, 38, 40 and 41) are hereby denied. Additionally, this court recommends that the district judge deny Defendants' motions for a TRO and to quash (Doc. Nos. 41 and 44).

**BACKGROUND**

Plaintiffs Cornerstone Capital Strategies, LLC and Adams Investments, LLC filed a lawsuit against White Mountain Organic Growers' Association, LLC ("White Mountain") and Catherine Brown (collectively, "Defendants") in the New Hampshire Superior Court nearly five years ago. Doc.

No. 30 at pg. 1. The superior court rendered a judgment in favor of Plaintiffs, and in August 2025, the New Hampshire Supreme Court summarily affirmed the lower court's judgment. Id. Four days after the NH Supreme Court denied Defendants' motions for reconsideration and to remand the matter to superior court for a new trial, Defendants removed the action to this court. Id. Plaintiffs subsequently moved to remand the matter to the state court, and on November 25, 2025, the district judge granted Plaintiffs' motion for remand. The district judge concluded that "Defendants' removal, instituted more than four years after they received plaintiffs' complaint, [was] untimely," and therefore, the "case must be remanded." Id. at pg. 6. Accordingly, the district judge remanded the matter back "to the New Hampshire Supreme Court" and directed the Clerk of Court "to enter judgment and close the case." Id. at pg. 14.

On December 9, 2025, Defendants moved for reconsideration of the district judge's remand order, Doc. No. 31, which was denied on January 2, 2026. Endors. Ord. Jan. 2, 2026. Defendants also filed an Emergency Petition for Writ of Mandamus in the First Circuit Court of Appeals, which the First Circuit denied on January 6, 2026. Doc. No. 34.

On January 20, 2026, the federal Clerk of Court entered judgment and closed the case in this court. Doc. No. 35. The Clerk of Court did not, however, send a certified copy of the remand order to the state court.[1] Nevertheless, on March 19, 2026, Plaintiffs notified the state court that the action was remanded when Plaintiffs filed in the state superior court a "Notice that Case Has Been Remanded from Federal Court to State Court, and Request For Issuances of Writ of Execution." Doc. No. 39-2.

---

[1] Generally, a certified copy of the remand order is sent to the clerk of the state court thirty (30) days after the remand order is issued. See LR 83.1(d) ("Unless otherwise ordered by the court, the clerk's office shall delay the transmittal of a certified remand order to state court for thirty (30) days. . . . The parties may file an assented to motion if they agree to the immediate transmittal of the certified remand order to state court."). In this case, this step "slipped through the cracks."

### *Post-Remand Proceedings*

Shortly after this court entered judgment and closed this case, Plaintiffs resumed their efforts to enforce their judgment against Defendants in the state court. See generally, Doc. No. 36; see also Doc. No. 41 at pgs. 3-4. To that end, in early March 2026, Plaintiffs' counsel, Attorney Carolyn Cole, filed a request for certified copies of the state superior court's May 22, 2024 Order, in which the state court awarded damages to Plaintiffs, and a Certificate of Judgment. Doc. No. 36 at pg. 5. Attorney Cole then recorded a post-judgment lien in the Coos County Registry of Deeds. Doc. No. 36 at pg. 23.

Around the same time, on March 10, 2026, Attorney Mark D. Kanakis, filed an appearance in the state court case on behalf of Plaintiffs. Id. at pgs. 27-28. Shortly thereafter, Attorney Kanakis filed a request for a Writ of Execution. Id. at pg. 34.

### *Defendants' Motions*

On March 17, 2026, nearly two months after this court entered judgment and closed this case, Defendants filed a motion for sanctions pursuant to 28 U.S.C. § 1927.[2] Doc. No. 36. Since then, Defendants also filed: 1- Defendants' Notice of Re-Filing of Motion for Sanctions (Doc. No. 38); 2- Defendants' Second Emergency Supplement to Motion for Sanctions (Doc. No. 40); 3- Defendants' Emergency Motion for Temporary Restraining Order ("TRO") and for Additional Sanctions (Doc. No. 41); and 4- Defendants' Emergency Motion to Quash State Criminal Prosecution; Impose Contempt Sanctions; and Refer Plaintiffs' Conduct to the United States

[2] 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Attorney Cole and Attorney Kanakis's post-remand conduct in the Superior Court, and their continued efforts to execute the judgment Plaintiffs obtained against Defendants form the basis of Defendants' request for sanctions. See generally, Doc. No. 36.

Attorney (Doc. No. 44). For the reasons that follow, Defendants' motions for sanctions (Doc. Nos. 36, 38, 40 and 41) are denied. Further, the court recommends that the district judge deny Defendants' motion for a TRO and to quash (Doc. Nos. 41 and 44).

**DISCUSSION**

28 U.S.C. § 1447(c) provides in pertinent part, "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Defendants contend that because "[n]o certificate of remand has been returned to the superior court," this "[c]ourt retains exclusive jurisdiction over this matter and all parties." Doc. No. 36 at pg. 3. Defendants further argue that because jurisdiction never revested in the state court, Plaintiffs' post-judgment enforcement activities should be voided. Id. at 9. Plaintiffs object. Doc. Nos. 37, 42 and 45.

There is no dispute that the clerk of this court did not mail a certified copy of the remand order to the state court. Despite this error, it is beyond dispute that the district judge expressed her unmistakable intent to divest this court of jurisdiction and return jurisdiction to the state court, when she: (1) granted the motion to remand, (2) denied the motion for reconsideration and the motion to stay, and (3) ordered the clerk to enter judgment and close this case. Accordingly, the case in this court is closed, and this court lacks jurisdiction to consider Defendants' motions. Therefore, Defendants' motions must be denied.

The court rejects Defendants' contention that the jurisdictional transfer did not occur in this case. Although the state court did not receive a certified copy of the remand order, the state court received notice of the remand. On March 19, 2026, Plaintiffs filed a "Notice that Case Has Been Remanded from Federal Court to State Court, and Request For Issuances of Writ of Execution" (the Notice). Doc. No. 39-2. Therein, Plaintiffs informed the state court that: (1) "the U.S. District

Court remanded the case to the Supreme Court and entered judgment to close the case," and (2) "the First Circuit Court of Appeals denied the Petition and request for stay of remand." Id. at pg. 4. Thus, under these circumstances, Plaintiffs' Notice was sufficient to revest the jurisdiction in the state court.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motions for sanctions (Doc. Nos. 36, 38, 40 and 41) are denied. Further, to the extent Defendants request that the court quash ongoing state criminal proceedings against the individual Defendant and/or issue a TRO restraining Plaintiffs from enforcing the state court judgment in their favor, for the reasons described herein, the court recommends that the district judge deny Defendants' motions (Doc. Nos. 41 and 44).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Talesha L. Saint-Marc
United States Magistrate Judge

June 12, 2026

cc: Counsel of Record
White Mountain Organic Growers' Association, LLC
Catherine E. Brown, pro se

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Cornerstone Capital Strategies, LLC et al.

Case No. 25-cv-375-LM-TSM

v.

White Mountain Organic Growers'
Association, LLC et al.

ORDER

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated June 12, 2026.

To the extent defendants request that the court quash ongoing state criminal proceedings against the individual defendant and/or issue a TRO restraining plaintiffs from enforcing the state court judgment, those motions (doc. nos. 41 and 44) are denied.

______________________________
Landya B. McCafferty
United States District Judge

Date: July 1, 2026

cc: Counsel of Record
White Mountain Organic Growers; Association, LLC
Catherin E. Brown, pro se

Gmail

Farmer Brown <greatnorthwoodsfarm@gmail.com>

# Activity in Case 1:25-cv-00375-LM-TSM Cornerstone Capital Strategies, LLC et al v. White Mountain Organic Growers' Association, LLC et al Order on Motion for Temporary Restraining Order

1 message

**ecf_bounce@nhd.uscourts.gov** <ecf_bounce@nhd.uscourts.gov> Fri, Jul 31, 2026 at 2:21 PM
To: nef@nhd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 7/31/2026 at 2:21 PM EDT and filed on 7/31/2026

| | |
|---|---|
| **Case Name:** | Cornerstone Capital Strategies, LLC et al v. White Mountain Organic Growers' Association, LLC et al |
| **Case Number:** | 1:25-cv-00375-LM-TSM |
| **Filer:** | |
| **WARNING: CASE CLOSED on 11/25/2025** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER.** ***Text of Order: Doc. no. 51 is granted to the extent that the court will consider the arguments and information contained in defendants' proposed supplemental motion (doc. no. 51-1) and the attachments thereto. So understood, three motions are pending before the court: document numbers 50, 51-1, and 53, all of which have been filed by defendants. All three seek, in various forms, equitable relief that would prevent a planned foreclosure sale. All three motions are premised upon defendants' argument that, despite this court's November 2025 order remanding this matter to New Hampshire state court, jurisdiction to enjoin the sale continues in this court. This court has already considered and rejected defendants' arguments (doc. nos. 47 and 49), and none of the factual developments or additional arguments put forth by defendants in the instant motions has caused the court to revisit its conclusion that, in the circumstances of this case, the March 2026 filing of the remand order in the Coos County Superior Court sufficed to transfer jurisdiction back to the New Hampshire state courts. Gonzalez v. Guilbot, 315 S.W.3d 533, 538 & n.17 (Tex. 2010). Doc. nos. 50, 51-1, and 53 are therefore DENIED. The clerk is directed to mail certified copies of this court's November 2025 remand order (doc. no. 30) to the New Hampshire Supreme Court and the Coos County Superior Court. So*** **Ordered by Judge Landya B. McCafferty.(vln)**

**1:25-cv-00375-LM-TSM Notice has been electronically mailed to:**

litigation tactics intended to forestall plaintiffs' legitimate efforts to foreclose on a mortgage that has been in default for nearly a decade.

For these reasons, the court will order defendants to submit a filing within fourteen (14) days of the date at the bottom of this order showing cause why the court should not order an award of attorney fees.[4] Plaintiffs may file a response within seven (7) days of the docketing of defendants' filing. Plaintiffs' response shall state the amount of fees sought and provide an itemized breakdown supporting the claimed fee amount.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

- Plaintiffs' motion to remand (doc. no. 9) is granted.
- Defendants' motion to amend the notice of removal (doc. no. 22) is denied as futile.
- Defendants' motion for reconsideration of the court's denial of their motion for a subpoena (doc. no. 23) is denied because the materials sought are irrelevant to the timeliness of removal for the reasons set forth herein and because defendants have failed to show that the court's endorsed order of November 12, 2025 is based on a manifest error of law or fact. LR 7.2(d).
- Defendants' "motion to drop nominal co-defendant White Mountain Organic Growers' Association LLC and vacate order requiring counsel" (doc. no. 21) is denied as moot.

---

[4] This court retains jurisdiction to enter an award of fees even after the case is remanded. Seacoast Motorcycles, Inc. v. Town of N. Hampton, Civ. No. 10-cv-532-LM, 2011 WL 462710, at *4 (D.N.H. Feb. 4, 2011); see also Bryant v. J.D. Britt, 420 F.3d 161, 165 (2d Cir. 2005) ("All of the other circuits that have addressed the question have reached the same conclusion.").

- Defendants' motion to stay (doc. no. 19) is denied because the materials sought are irrelevant to the timeliness of removal for the reasons set forth herein.
- Defendants shall submit a filing within 14 days from the date at the bottom of this order showing cause why the court should not order an award of attorney fees. Plaintiffs may file a response within 7 days of the docketing of defendants' filing. Plaintiffs' response shall state the amount of fees sought and provide an itemized breakdown supporting the fee amount sought.
- This matter is remanded to the New Hampshire Supreme Court. The clerk is directed to enter judgment and close the case.

SO ORDERED.

______________________________
Landya McCafferty
United States District Judge

November 25, 2025

cc: Counsel of Record

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

**OFFICE OF THE CLERK**
Tracy A. Uhrin, Clerk of Court
Karen A. Gorham, Chief Deputy Clerk

Telephone: 603-225-1423
Web: www.nhd.uscourts.gov

August 4, 2026

Re: 25-cv-375-LM-TSM, Cornerstone Capital Strategies, LLC et al v. White Mountain Organic Growers' Association, LLC et al

To: Clerk, NH Supreme Court
New Hampshire Supreme Court
One Charles Doe Drive
Concord, NH 03301

By Court order, the above case was remanded. We enclose a certified copy of the order and docket entries. Thank you.

TRACY A. UHRIN
CLERK

Enclosures

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

**OFFICE OF THE CLERK**
Tracy A. Uhrin, Clerk of Court
Karen A. Gorham, Chief Deputy Clerk

Telephone: 603-225-1423
Web: www.nhd.uscourts.gov

August 4, 2026

Re: 25-cv-375-LM-TSM, Cornerstone Capital Strategies, LLC et al v. White Mountain Organic Growers' Association, LLC et al

To: Clerk, **Coos Superior Court**
55 School Street, Suite 301
Lancaster, NH 03584

By Court order, the above case was remanded. We enclose a certified copy of the order and docket entries. Thank you.

TRACY A. UHRIN
CLERK

Enclosures

**EXHIBIT C**

Gmail

**Farmer Brown <greatnorthwoodsfarm@gmail.com>**

# Notification of Returned Service for Case: 214-2021-CV-00058, Cornerstone Capital Strategies, LLC, et al v White Mountain Organic Growers' Association, LLC, et al for filing Other

1 message

**NHCourtsno-reply@efilingmail.tylertech.cloud** <NHCourtsno-reply@efilingmail.tylertech.cloud> Tue, Jul 14, 2026 at 12:42 PM

To: greatnorthwoodsfarm@gmail.com

NH e-Court

## Filing Returned

Case Number: 214-2021-CV-00058
Case Style: Cornerstone Capital Strategies, LLC, et al v White Mountain Organic Growers' Association, LLC, et al

A filing that was previously served to you has been returned by the court to the original filer. That filing, listed below as Activity Requested, is not part of the court record.

| **Return Reason(s) from Clerk's Office** | |
|---|---|
| **Returned Reason** | Rejected |
| **Return Comments** | This case has been removed to Federal District Court and therefore no further filings will be accepted into the Superior Court case. If you have any questions, please call the Court at 1-855-212-1234. |

| **Filing Details** | |
|---|---|
| **Court** | Superior Courts |
| **Case Number** | 214-2021-CV-00058 |
| **Case Style** | Cornerstone Capital Strategies, LLC, et al v White Mountain Organic Growers' Association, LLC, et al |
| **Date/Time Submitted** | 7/11/2026 3:46 PM EST |
| **Activity Requested** | Other |
| **Filed By** | EFSP Filing Agent |
| **No Refunds Accepted** | |

**Important:** This is how you will be contacted regarding cases. Please add NHCourtsno-reply@efilingmail.tylertech.cloud in your address book.

For further assistance, please contact the court.
1-855-212-1234
This message was automatically generated. Please do not reply to this email.

## PERTINENT STATUTES AND LOCAL RULE

**28 U.S.C. § 1446(d)**

Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

**28 U.S.C. § 1447(c)**

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**28 U.S.C. § 1447(d)**

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

**D.N.H. Local Rule 81.1(d)**

(d) Remand. Whenever the court remands an action to state court, the clerk’s office shall send a certified copy of the remand order and docket entries to the state court clerk’s office. Unless otherwise ordered by the court, the clerk’s office shall delay the transmittal of a certified remand order to state court for thirty (30) days. Any motion to stay the order of remand must be filed prior to or at the same time as a notice of appeal. The parties may file an assented to motion if they agree to the immediate transmittal of the certified remand order to state court.